# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-108-RWS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon four motions: Defendant Corizon Health Services and Rebekkah Graham's Motion to Dismiss (ECF No. 9), defendant Jason Lewis and Southeast Correctional Center's Motion to Dismiss (ECF No. 10), and plaintiff Robert D. Nelson's "Motion for Order of Protection" (ECF No. 5) and "Motion for Appointment of Counsel, Motion for Temporary Restraining Order and Injunction [*sic*] Relief and Motion for Extension of Time to File Amended 42 U.S.C. and 1983 [*sic*] Complaint and ADA Complaint." (ECF No. 12). The Court construes the latter motion as a motion for leave to file an amended complaint, and will refer to it as plaintiff's "Motion for Leave to Amend." For the reasons explained below, the Court will hold defendants' motions to dismiss in abeyance, and grant plaintiff's Motion for Leave to Amend to the extent plaintiff seeks leave to file an amended complaint. The Court will deny the motion in all other respects, and will also deny plaintiff's motion for a protective order.

### Background

Plaintiff is a prisoner who is proceeding pro se. He originally filed this 42 U.S.C. § 1983 action in the Circuit Court of Mississippi County, Missouri. In his petition, plaintiff alleged his

civil rights were being violated because he was not receiving his desired pain medications. On July 8, 2019, defendants Southeast Correctional Center and Jason Lewis (collectively "the MDOC defendants") filed a notice of removal in this Court. On July 9, 2019, plaintiff filed a "Motion for Order of Protection," asking this Court to bar defendant Rebekkah Graham from treating him and barring the Missouri Department of Corrections from transferring him. On July 15, 2019, the MDOC defendants and defendants Corizon Health Services and Rebekkah Graham (collectively "the Corizon defendants") filed the instant motions to dismiss, arguing that the Court should dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 22, 2019, plaintiff filed the instant Motion for Leave to Amend, in which he can be understood to seek leave to file an amended complaint. However, plaintiff did not attach to the motion a copy of a proposed amended complaint. The MDOC defendants filed a reply in which they reasserted the bases for granting their motion to dismiss.

**Discussion**

Having carefully reviewed the petition plaintiff filed in state court, the instant motions to dismiss, and plaintiff's motions, the Court has determined to grant plaintiff's Motion for Leave to Amend only to the extent plaintiff seeks leave to file an amended complaint. Because plaintiff did not attach a copy of a proposed amended complaint to the motion, the Court will hold the motions to dismiss in abeyance rather than determine they are moot.

The Court will deny plaintiff's request for the appointment of counsel at this time, without prejudice to being reasserted if appropriate at a later stage of this litigation. The Court will also deny plaintiff's request for injunctive relief and his separately-filed motion for a protective order,

without prejudice, as plaintiff's allegations in support are simply too conclusory for the Court to determine that plaintiff is entitled to such relief.

Plaintiff will be given thirty days to file an amended complaint. Plaintiff is warned that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.

In the "Caption" section of the complaint form, plaintiff must write the name of each party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also state whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a <u>short and plain statement</u> of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be <u>simple, concise, and direct</u>. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names more than one defendant, he should only include claims that arise from the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Alternatively, plaintiff may choose to name a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant, so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he cannot bring claims on behalf of other people. Instead, he must allege a personal loss. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Amend is **GRANTED** to the extent plaintiff seeks leave to file an amended complaint, and **DENIED** without prejudice in all other respects. **(ECF No. 12)**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Order of Protection is **DENIED** without prejudice. **(ECF No. 5)**

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely file an amended complaint in accordance with the instructions herein shall result in the dismissal of this case, without prejudice and without further notice.**

Dated this 22nd day of August, 2019.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE