UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-108-RWS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Jason Lewis's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20). Plaintiff has responded to the motion and defendant has replied, and the matter is now fully briefed and ready for disposition.[1] For the following reasons, the motion will be granted, and Lewis will be dismissed from this action.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (*citing Twombly*, 550 U.S. at 555 & n.3). This obligation requires

---

[1] On November 8, 2019, plaintiff filed a motion seeking leave to file his response out of time, and then filed his response. The Court will grant plaintiff's motion.

plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

**Background**

Plaintiff is an inmate confined to the custody of the Missouri Department of Corrections ("MDOC"). He is currently incarcerated in the Southeast Correctional Center ("SECC"). Lewis is the Warden of SECC. Plaintiff initiated this action on April 30, 2019 by filing a petition in the Circuit Court of Mississippi County, Missouri. He claimed that, following treatment for cancer, Lewis and other prison officials, along with Corizon, LLC ("Corizon") and medical professionals employed thereby, were deliberately indifferent to his serious medical needs, in violation of his rights guaranteed by the United States Constitution and the Missouri Constitution. In support, he claimed he was being denied narcotic pain medication, and that various forms of medical treatment, including specific medication, testing, referrals and evaluations he believed necessary, were not being provided.

In the petition he filed in State court, plaintiff averred that he had initiated, but not fully exhausted, the prison's grievance procedures. He asked the State court to order the Corizon and MDOC defendants to provide him "with a medical examination, to include a full MRI scan of petitioner, until such time as the Department of Corrections grievance procedure has been fully exhausted by petitioner – which is already ensuing – which may take up to and past one year." He also asked the State court to "issue its order until such time as all prison-related grievances have been exhausted."

On July 8, 2019, the action was removed to this Court. Lewis and other named defendants filed motions seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and plaintiff sought leave to file an amended complaint. On August 22, 2019, the Court entered an order granting plaintiff leave to file an amended complaint. Therein, the Court gave plaintiff clear instructions about how to prepare the amended complaint. The Court instructed plaintiff that Rule 8 of the Federal Rules of Civil Procedure required him to set forth a short and plain statement of the facts supporting his claims, and that his statement of facts must be simple, concise and direct. The Court emphasized that it was important for plaintiff to allege facts explaining how each defendant was personally involved in or directly responsible for harming him. In so doing, the Court explicitly cautioned plaintiff that it was insufficient to simply refer to a group of defendants and make general allegations against them, and that plaintiff must instead explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. The Court emphasized that plaintiff's statement of claim required more than mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. The Court cautioned plaintiff that his failure to file an amended complaint in accordance with the Court's instructions would result in the dismissal of his case, without prejudice and without further notice. Plaintiff

filed the amended complaint on October 8, 2019, and Lewis filed the instant motion on October 22, 2019.

Plaintiff filed the amended complaint against Lewis, Anne Precythe (the Director of the MDOC), the MDOC, Corizon, Pharmacorr, Dr. Thomas Bredeman, Dr. Jerry Lovelace, Nurse Molly Leija, Nurse Practitioner Rebekah Graham, Nurse Larry Graham, Paula Reed (Assistant Warden at SECC), Nian Hill, John Doe, and Jane Doe.[2] Plaintiff prepared the amended complaint in two parts. The first is a partially-completed "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form. Plaintiff does not set forth any claims for relief or factual allegations on the form. Instead, he either writes "N/A" or references an attached document titled "First Amended Complaint." The Court will consider both documents as comprising plaintiff's amended complaint.

Plaintiff did not follow the Court's prior directives in preparing the amended complaint. It is needlessly long, it contains unnecessary information and legal argument, and the sentences are often long and confused. Plaintiff sets forth his claims for relief in conclusory fashion, and mostly lists the names of multiple defendants and sets forth generalized allegations against them. Plaintiff's actual claims are therefore somewhat difficult to discern. However, it is clear that he again claims that the defendants were deliberately indifferent to his serious medical needs, in violation of his rights guaranteed by the United States Constitution.

The amended complaint contains four counts. Facts common to all counts are as follows. On or about February 11, 2015, plaintiff was diagnosed with masses in his nasal cavity and nasopharynx, a brain tumor, and cancer. He experienced symptoms including memory disturbance, headaches, seizures, swelling, swollen lymph nodes, and pain. He underwent radiation and

---

[2] Plaintiff alleges that the Doe defendants are employees of Pharmacorr who were the "ultimate chronic medication provider and shipper to all Missouri Department of Corrections' Corizon Health Inc medical facilities."

chemotherapy treatment at St. Mary's Hospital in Jefferson City from approximately February 20, 2015 through April 10, 2015. On or about July 1, 2015 he suffered loss of mobility in his legs, and required a wheelchair.

Plaintiff claims that, following the radiation and chemotherapy treatment, he was denied constitutionally-adequate medical care. In support, he claims he was wrongfully denied narcotic pain medication, that certain medication was not prescribed, and that testing, referrals, evaluations, and assistive devices he believed were necessary were not provided. He claims that the determination to remove assistive devices amounted to a violation of his rights under the Americans With Disabilities Act ("ADA").[3] Attached to the amended complaint are copies of grievance materials plaintiff filed. The materials show that plaintiff filed grievances, appealed the denials of those grievances in July of 2019, and received responses in August of 2019, approximately four months after he initiated this action.

Plaintiff's claims against Lewis appear in Count IV. Plaintiff claims that Lewis, Precythe, and other defendants collectively ignored, failed to correct, and failed to intervene when Corizon and Pharmacorr employees were deliberately indifferent to his serious medical needs. He also claims they failed to train staff, and violated the ADA. In setting forth his factual allegations in support, plaintiff repeatedly lists Lewis's name along with Precythe's name and states, in conclusory fashion, that they violated his rights.

Plaintiff states that Lewis and Precythe knew or should have known of the risk of harm to plaintiff. Elsewhere in the amended complaint, he alleges that Lewis and Precythe responded to grievance materials he filed, copies of which he attached to the amended complaint. He also alleges

---

[3] Plaintiff does not specify the Title under which he seeks ADA relief. However, because Titles I and III are inapplicable to plaintiff's situation, the Court presumes he seeks relief under Title II, which prohibits a public entity from excluding disabled people from, or denying them the benefits of, programs, activities or services, and from otherwise discriminating against them.

5

he submitted a request for ADA accommodation to Lewis and Precythe. He attached a copy of that request, marked exhibit I(12). The Court considers those documents part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c). Review of the grievance materials shows that other individuals, not Lewis or Precythe, were the officials who submitted responses. Additionally, nothing on the request for ADA accommodation form indicates it was directed to Lewis or Precythe.

In the instant motion, Lewis seeks to dismiss plaintiff's claims against him for three reasons: (1) plaintiff failed to exhaust the prison grievance process before initiating this action; (2) plaintiff sues him only in his official capacity and he is not a "person" subject to suit under 42 U.S.C. § 1983; and (3) plaintiff's allegations are based upon medical treatment decisions, and therefore do not state claims under the ADA. In response, plaintiff argues that while he did not exhaust his administrative remedies before initiating this action in State court, he has since done so. Plaintiff also contends that Lewis acted outside the scope of his authority, but does not describe what those actions were. Plaintiff does not address Lewis's argument that the amended complaint fails to state a claim under the ADA.

**Discussion**

Having considered the instant motion and plaintiff's arguments in response, the Court determines that the motion should be granted, and that plaintiff's claims against Lewis should be dismissed because plaintiff failed to exhaust administrative remedies before initiating this lawsuit.

According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). An inmate satisfies § 1997(e) when he "pursues

the prison grievance process to its final stage and receives an adverse decision on the merits." *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (quoting *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012)).

As the Eighth Circuit Court of Appeals has recognized, there are three steps to the MDOC grievance process:

> First, an inmate files an Informal Resolution Request (IRR). If dissatisfied with the response to the IRR, the inmate files a formal grievance. **MDOC Department Manual**, D5–3.2 Offender Grievance, III.L.1 (2009). If dissatisfied with the response to the grievance, the inmate appeals within seven days, or the appeal is "considered abandoned." *Id.* at III.M.1. "After receiving the appeal response, the offender has exhausted the grievance process." *Id.* at III.M.12. "Expiration of the response time limit at any stage of the process shall allow the grievant to move to the next stage of the process." *Id.* at III.K.9 (IRRs); III.L.18 (grievances).

*Porter v. Sturm,* 781 F.3d 448, 450 (8th Cir. 2015). Exhaustion is not complete until the inmate receives a response to the grievance appeal. *Id.*

Inmates are excused from exhausting administrative remedies when prison officials prevent them from using the procedures, or when the officials themselves fail to comply with the procedures. *Id.* (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)). However, a prison official's failure to timely respond to an inmate's IRR or grievance, even if unjustified, does not excuse the inmate's failure to exhaust if the lack of a timely response neither prevents the inmate from using grievance procedures, nor causes remedies to be unavailable. *See id.* at 452.

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies *before* filing suit, and has instructed that district courts must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

7

In the case at bar, plaintiff admittedly failed to exhaust administrative remedies with regard to the claims he seeks to bring before initiating this action in state court. However, in response to the instant motion to dismiss, he contends he had exhausted such administrative remedies by the time this case was removed to this Court. Similarly, in the amended complaint, plaintiff cites *Johnson v. Jones* for the proposition that an inmate properly exhausts his administrative remedies "where his grievance was filed after the initial complaint but before the amended complaint." These assertions are unavailing. As noted above, in *Johnson v. Jones,* the Eighth Circuit clearly held that inmates are required to exhaust administrative remedies before filing suit. 340 F.3d at 627. The fact plaintiff exhausted administrative remedies while this litigation was pending is not helpful to him. *See id.*

As an additional matter, the Court finds that plaintiff is not excused from exhausting administrative remedies because he initiated this action in State court. The PLRA's exhaustion requirement applies with equal measure to a prisoner's claims that are originally brought in state court and then removed to federal court. *See Jennings v. Dowling*, 642 F. App'x 908, 913 (10th Cir. 2016), *Marziale v. Silas*, 2015 WL 8431524 at * 2 (E.D. Ark. Nov. 10, 2015) (collecting cases), *report and recommendation adopted,* 2015 WL 8485240 (E.D. Ark. Dec. 8, 2015). Plaintiff's claims arise under 42 U.S.C. § 1983, and the forum in which he chose to initially bring them is immaterial. *See Felder v. Casey,* 487 U.S. 131, 148 (1988) ("The dominant characteristic of a § 1983 action, of course, does not vary depending upon whether it is litigated in state or federal court."). Had plaintiff not removed this case to this Court, the Missouri State court would have been required to enforce the exhaustion requirement.

Plaintiff also fails to allege facts tending to show that any official's action or omission prevented him from using grievance procedures, or caused remedies to be unavailable. Indeed, the

documents plaintiff attached to the amended complaint establish that he made full use of the grievance procedures and received responses to his grievance appeals in August of 2019, thereby fully exhausting the grievance process. Therefore, administrative remedies were available and plaintiff used them to completion; he simply chose to initiate this action before doing so. Accordingly, dismissal is mandatory. *See Porter*, 534 U.S. at 524, *Johnson*, 340 F.3d at 627.

Lewis next argues entitlement to dismissal because plaintiff sued him in his official capacity only, and he is not a "person" under 42 U.S.C. § 1983. Lewis correctly asserts that, at one point in the amended complaint, plaintiff named him in his official capacity only. However, on the second page of the amended complaint, plaintiff named Lewis in his individual and official capacities. (ECF No. 19 at 2). Recognizing its duty to liberally construe *pro se* pleadings, the Court concludes that plaintiff sued Lewis in both his individual and official capacities. Nevertheless, the amended complaint fails to state a claim upon which relief may be granted against Lewis in either his official or individual capacity.

Lewis is correct that, in his official capacity, he is not a "person" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, plaintiff's allegations are insufficient to state a claim against Lewis in his individual capacity. To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). In requiring a plaintiff to allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to his authority over the claimed constitutional violation. *Id.* A person with a supervisory or administrative position may be liable if his direct action, or failure to supervise and train the offending employee, caused the constitutional violation. *Id.* (citations omitted). Such person's personal involvement can also be established by allegations that he was

9

directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id.* (citations omitted).

Here, plaintiff failed to plead facts permitting the inference that Lewis personally violated his constitutional rights. Instead, despite the Court's prior directive, plaintiff simply lists Lewis's name along with Precythe's, and asserts general, conclusory allegations against them. Plaintiff alleges no facts permitting the inference that Lewis took direct action that caused a constitutional violation, he alleges no facts permitting the inference that Lewis was directly involved in creating, implementing, or enforcing a policy that gave rise to unconstitutional conditions, and he alleges no facts that would state a plausible claim for failure to train or supervise. Plaintiff also fails to allege facts permitting the inference that Lewis was aware of his situation. While plaintiff avers that Lewis and Precythe responded to grievances and that he sent them a request for ADA accommodation, the documents he attached in support do not support those averments. The Court previously advised plaintiff of the necessity of alleging specific facts in support of his claims against each named defendant, and will not assume facts that have not been alleged. *See Stone*, 364 F.3d at 914-15.

Additionally, to the extent plaintiff alleges Lewis failed to intervene in, or somehow change, diagnostic decisions made by the medical staff, his claims fail. Lewis is not a health care professional, and cannot be held liable for the medical decisions made by members of the medical staff. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) ("A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions"), *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995) (because prison administrators "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision" regarding a prisoner's medical treatment).

Finally, the Court concludes that plaintiff's allegations fail to state a plausible claim under the ADA. Plaintiff cannot bring an ADA claim against Lewis in his individual capacity. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) ("Title II ... provides redress only from public entities."). Also, plaintiff fails to allege facts permitting the inference that he is a qualified individual with a disability who was excluded from participation in or denied the benefits of the services, programs, or activities of the prison or was otherwise subjected to discrimination by reason of his disability. *See id.* (citation omitted) (noting the elements of an ADA claim). Finally, as Lewis correctly argues, plaintiff's ADA claim fails to the extent it is based upon medical treatment decisions. *See Burger v. Bloomberg,* 418 F.3d 882 (8th Cir. 2005).

At best, plaintiff's claims against Lewis are premised upon a *respondeat superior* theory. However, such claims are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff's claims against Lewis are subject to dismissal for these reasons, as well.

For the foregoing reasons, the Court will grant the instant motion, and dismiss plaintiff's claims against Lewis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion (ECF No. 25) is **GRANTED** to the extent plaintiff seeks leave to file his response out of time.

**IT IS FURTHER ORDERED** that defendant Jason Lewis's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Jason Lewis are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 6th day of March, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE