UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT D. NELSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-108-RWS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Robert D. Nelson, a prisoner. For the reasons explained below, the Court will dismiss without prejudice plaintiff's claims against Anne Precythe, the Missouri Department of Corrections, Pharmacorr, Dr. Thomas Bredeman, Dr. Jerry Lovelace, Molly Leija, Larry Graham, Paula Reed, Nian Hill, John Doe, and Jane Doe.

### **Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, this Court shall dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is an inmate confined to the custody of the Missouri Department of Corrections ("MDOC"). He is currently incarcerated in the Southeast Correctional Center ("SECC"). He initiated this action on April 30, 2019 by filing a petition in the Circuit Court of Mississippi County, Missouri. He claimed that, following treatment for cancer, MDOC officials, Corizon, LLC ("Corizon"), and medical professionals employed by Corizon were deliberately indifferent to his serious medical needs, in violation of his rights guaranteed by the United States Constitution and

the Missouri Constitution. In support, he claimed he was being denied narcotic pain medication, and that various forms of medical treatment, including specific medication, testing, referrals and evaluations he believed necessary, were not being provided.

In the petition that plaintiff filed in State court, he averred he had initiated, but not fully exhausted, the prison's grievance procedures. He asked the State court to order the Corizon and MDOC defendants to provide him "with a medical examination, to include a full MRI scan of petitioner, until such time as the Department of Corrections grievance procedure has been fully exhausted by petitioner – which is already ensuing – which may take up to and past one year." He also asked the State court to "issue its order until such time as all prison-related grievances have been exhausted."

On July 8, 2019, the matter was removed to this Court. Defendants who had been served with process when the case was pending in State court, including Jason Lewis (the SECC Warden), Corizon, and Nurse Practitioner Rebekah Graham, filed motions seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a motion seeking leave to file an amended complaint.

On August 22, 2019, the Court entered an order granting plaintiff leave to file an amended complaint. Therein, the Court gave plaintiff clear instructions about how to prepare the amended complaint. The Court instructed plaintiff that Rule 8 of the Federal Rules of Civil Procedure required him to set forth a short and plain statement of the facts supporting his claims, and that his statement of facts must be simple, concise and direct. The Court emphasized that it was important for plaintiff to allege facts explaining how each defendant was personally involved in or directly responsible for harming him. In so doing, the Court explicitly cautioned plaintiff that it was insufficient to simply refer to a group of defendants and make general allegations against them,

and that plaintiff must instead explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. The Court emphasized that plaintiff's statement of claim required more than mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. The Court also cautioned plaintiff that the caption of the amended complaint must name all of the parties, in accordance with Rule 10 of the Federal Rules of Civil Procedure. Finally, the Court cautioned plaintiff that his failure to file an amended complaint in accordance with the Court's instructions would result in the dismissal of his case, without prejudice and without further notice.

On October 8, 2019, plaintiff filed an amended complaint against Lewis, Anne Precythe (the Director of the MDOC), the MDOC, Corizon, Pharmacorr, Dr. Thomas Bredeman, Dr. Jerry Lovelace, Nurse Molly Leija, Nurse Practitioner Rebekah Graham, Nurse Larry Graham, Paula Reed (Assistant Warden at SECC), Nian Hill, John Doe, and Jane Doe.[1] Defendants Lewis, Corizon, and Rebekah Graham filed motions to dismiss on October 22 and October 23, 2019, respectively. They argued entitlement to dismissal because, *inter alia*, plaintiff failed to exhaust administrative remedies before initiating this action. In separately-filed orders, the Court granted both of the motions to dismiss after determining that plaintiff had failed to exhaust administrative remedies before bringing this action. The Court also determined that the amended complaint failed to state plausible claims against the defendants. Now before the Court is the task of reviewing the amended complaint to determine whether plaintiff's allegations against unserved defendants Precythe, the MDOC, Pharmacorr, Bredeman, Lovelace, Leija, Larry Graham, Reed, Hill, John Doe, and Jane Doe survive the preliminary review required by 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff alleges that the Doe defendants are employees of Pharmacorr who were the "ultimate chronic medication provider and shipper to all Missouri Department of Corrections' Corizon Health Inc medical facilities."

Plaintiff prepared the amended complaint in two parts. The first is a partially-completed "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form. Plaintiff does not set forth any claims for relief or factual allegations on the form. Instead, he either writes "N/A" or references an attached document titled "First Amended Complaint." The Court will consider both documents as comprising plaintiff's amended complaint.

Plaintiff did not follow the Court's prior directives in preparing the amended complaint. It is needlessly long, it contains unnecessary information and legal argument, and the sentences are often long and confused. Plaintiff sets forth his claims for relief in conclusory fashion, and mostly lists the names of multiple defendants and sets forth generalized allegations against them. His actual claims are therefore somewhat difficult to discern. However, it is clear that he again claims that the defendants were deliberately indifferent to his serious medical needs, in violation of his rights guaranteed by the United States Constitution.

The amended complaint contains four counts. Facts common to all counts are as follows. On or about February 11, 2015, plaintiff was diagnosed with masses in his nasal cavity and nasopharynx, a brain tumor, and cancer. He experienced symptoms including memory disturbance, headaches, seizures, swelling, swollen lymph nodes, and pain. He underwent radiation and chemotherapy treatment at St. Mary's Hospital in Jefferson City from approximately February 20, 2015 through April 10, 2015. On or about July 1, 2015 he suffered loss of mobility in his legs, and required a wheelchair.

Plaintiff claims that, following the radiation and chemotherapy treatment, he was denied constitutionally-adequate medical care. In support, he claims he was wrongfully denied narcotic pain medication, that certain medication was not prescribed, and that testing, referrals, evaluations, and assistive devices he believed were necessary were not provided. He also claims that Graham's

determination regarding assistive devices amounted to a violation of his rights under the Americans With Disabilities Act ("ADA").[2] Attached to the amended complaint are copies of grievance materials plaintiff filed. The materials show that plaintiff filed grievances, appealed the denials of those grievances in July of 2019, and received responses in August of 2019, approximately four months after he initiated this action. The Court now addresses Counts I through IV in turn.

## Discussion

## Count 1 –Bredeman, Lovelace, Hill, and Larry Graham

Plaintiff avers he brings Count I against Bredeman, Lovelace, Hill, and Larry Graham for violation of his Eighth Amendment right to adequate medical care. Indeed, the Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

---

[2] Plaintiff does not specify the Title under which he seeks ADA relief. However, because Titles I and III are inapplicable to plaintiff's situation, the Court presumes he seeks relief under Title II, which prohibits a public entity from excluding disabled people from, or denying them the benefits of, programs, activities or services, and from otherwise discriminating against them.

not state a valid claim of medical mistreatment." *Estelle*, 429 U.S. at 106. Rather, an inmate must show that the provider disregarded "a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

Significantly, while inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Indeed, "doctors remain free to exercise their independent medical judgment." Id. Thus, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007).

In Count I, plaintiff does not allege that Hill or Larry Graham engaged in any specific act or conduct that violated his federally-protected rights. Elsewhere in the amended complaint, plaintiff lists Hill and Larry Graham's names along with the names of other defendants, and states, in conclusory fashion, that they violated his rights. For example, he alleges they "would not provide the pain medication to treat Plaintiff's torture pain," and "failed to provide a full body MRI scan or Cat scan." Such allegations are insufficient to state a plausible claim under § 1983. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights), *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Additionally, plaintiff's allegations are nothing more than the "legal conclusions" and "[t]readbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal,* 556 U.S. at 678. The Court previously advised plaintiff of the necessity

of alleging specific facts in support of his claims, and will not assume facts that have not been alleged. *See Stone*, 364 F.3d at 914-15.

In support of his claims against Bredeman and Lovelace, plaintiff alleges that, in April of 2015, they prescribed Oxycodone, which plaintiff took continuously until Rebekah Graham withdrew it on or about March 22, 2019. For the purposes of this discussion, the Court will presume that plaintiff has demonstrated that he suffered from an objectively serious medical need. However, plaintiff does not explain, nor is it apparent, how prescribing Oxycodone amounted to deliberate disregard of that need, as necessary to state a claim under the Eighth Amendment. Accordingly, the Court concludes that Count I fails to state a claim upon which relief may be granted against Hill, Larry Graham, Bredeman, or Lovelace.

## Count II – Larry Graham, Leija, and Roxanne Anderson

Plaintiff avers he brings Count II against Larry Graham, Leija, and one Roxanne Anderson[3] for retaliation and conspiracy to cause harm and deny medical care. In setting forth the allegations in support of his claims, he repeatedly lists the names of Larry Graham, Leija, and Roxanne Anderson, and makes general allegations against them. For example, plaintiff alleges they "engaged into unlawful actions to bar and [prohibit] plaintiff from filing medical care and treatment for plaintiff's serious medical needs and from providing for plaintiff's ADA accommodation needs," and "entered into an agreement and engaged in an overt act in furtherance of the conspiracy and retaliation and that overt act injured Plaintiff." Plaintiff alleges "those unlawful acts" violated Missouri law, and interfered with his right to engage in litigation in State court. He alleges "the unlawful conduct engaged by Larry Graham, Molly Leija and Roxanne Anderson against Plaintiff [became] an abusive hate act against him." Plaintiff also alleges that

---

[3] Plaintiff did not name Roxanne Anderson in the title of either part of the amended complaint.

8

Larry Graham, Leija, and Roxanne Anderson acted "pursuant to a pattern, practice, policy, procedure, custom or regulation established and implemented by defendants in conspiring to cause harm to Plaintiff and acts of retaliation to inflict punishment upon" plaintiff for filing grievances and seeking relief in State court. He also alleges they "knew or should have known" of the risk of serious harm, that they acted with "deliberate intent." He alleges they "directly caused or directly contributed to cause" plaintiff to suffer violation of his constitutional rights, and caused him to develop "a worsening condition to his serious medical needs and be placed under Atypical and Significant lingering death torture cause Plaintiff to suffer, in the past and the future, pain, suffering and emotional distress."

As an initial matter, the Court notes that plaintiff did not name Roxanne Anderson as a defendant in the title of the amended complaint. The Court's August 22, 2019 order specifically cautioned plaintiff that the title of the amended complaint must name all of the parties, in accordance with Rule 10(a) of the Federal Rules of Civil Procedure. It is therefore apparent that plaintiff has chosen to ignore another of the Court's directives. Even so, plaintiff's failure to name Anderson as a party makes no difference because plaintiff's allegations in Count II fail to state a plausible claim of retaliation or conspiracy against her or any named defendant.

In order to establish a First Amendment retaliation claim, a plaintiff must show that he engaged in protected activity, that the defendant took adverse action that would chill a person of ordinary firmness from continuing the activity, and that the defendant's action was motivated by the plaintiff's engagement in the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). To demonstrate the existence of a conspiracy, a plaintiff must allege, *inter alia*, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St.*

*Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)).

Here, while plaintiff can be understood to allege he engaged in protected activity, he fails to allege facts permitting the inference that Larry Graham, Leija, or Roxanne Anderson took adverse action that was motivated by plaintiff's engagement in such activity. He therefore fails to state a plausible claim for retaliation under § 1983. *See Revels,* 382 F.3d at 876. Similarly, plaintiff alleges no facts permitting the inference that there was a meeting of the minds among Larry Graham, Leija, or Roxanne Anderson. Without facts permitting the inference that Larry Graham, Leija or Roxanne Anderson, either together or with others, agreed to deprive him of any federally-protected rights, plaintiff fails to state a § 1983 conspiracy claim. *See Burton,* 731 F.3d at 798.

Again, despite being previously cautioned against doing so, plaintiff merely refers to these defendants as a group and asserts general allegations against them instead of alleging facts showing how each person was directly involved in or personally responsible for violating his rights. As discussed above, this is insufficient to state a plausible claim under § 1983. *See Jackson*, 747 F.3d at 543, *Madewell*, 909 F.2d at 1208. Additionally, plaintiff's allegations are nothing more than the "legal conclusions" and "[t]readbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal,* 556 U.S. at 678. The Court previously advised plaintiff of the necessity of alleging specific facts in support of his claims, and will not assume facts that have not been alleged. *See Stone*, 364 F.3d at 914-15. The Court therefore concludes that Count II fails to state a claim upon which relief may be granted against Larry Graham, Molly Leija, or Roxanne Anderson.

**Count III – Bredeman, Lovelace, Leija, Hill, John Doe, Jane Doe, and Pharmacorr**

Plaintiff avers he brings Count III against Bredeman, Lovelace, Leija, Hill, John Doe, Jane Doe, Corizon and Pharmacorr for violation of his Eighth and Fourteenth Amendment rights because they refused to provide adequate medication to treat his medical conditions and pain. However, in setting forth his allegations in support of his claims, plaintiff again simply lists the defendants' names or refers to them as "the defendants," and makes general and conclusory allegations against them. Plaintiff alleges he was prescribed Gabapentin for pain, and Leija, Bredeman, Lovelace, and Hill "have failed to timely provide Plaintiff's chronic medications" and "ignored Specialists [recommendations]" regarding taking Gabapentin. He alleges that the defendants "intentionally failed to provide medications and treatments," acted "pursuant to a pattern, practice, policy, procedure, custom or regulation established and implemented by defendants," engaged in a "continuing abdication of policy, procedures, protocols and custom to save money and deny Plaintiff medical care for his serious medical needs," acted "on their own and in concert with the other defendants after reaching a mutual understanding" and "with deliberate indifference disregarded the objective, substantial risk of serious harm or death by intentionally delaying, refusing, failing to offer and provide proper medication, care and treatment," and "failed to offer Plaintiff an adequate sick call medical services system and deliver plaintiff's medicines timely."

The Court will presume that plaintiff has demonstrated that he suffered from an objectively serious medical need. However, plaintiff has failed to plead facts permitting the inference that any particular defendant was deliberately indifferent to such need, as required to state a claim under the Eighth Amendment. *See Schaub*, 638 F.3d at 914. Instead, plaintiff has continued his practice of referring to the defendants as a group and asserting general allegations against them instead of alleging facts showing how each person was directly involved in or personally responsible for

11

violating his rights. As noted above, this is insufficient to state a plausible claim under § 1983. *See Jackson*, 747 F.3d at 543, *Madewell*, 909 F.2d at 1208. Plaintiff also fails to set forth non-conclusory allegations that a Pharmacorr policy, custom, or official action caused an actionable injury, as necessary to state a claim against Pharmacorr. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

Plaintiff has also failed to allege sufficient factual allegations to permit identification of either Doe defendant following reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (an action may proceed against a fictitious party if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery). Finally, plaintiff's allegations are nothing more than the "legal conclusions" and "[t]readbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal,* 556 U.S. at 678. The Court has previously advised plaintiff of the necessity of alleging specific facts in support of his claims, and will not assume facts that have not been alleged. *See Stone*, 364 F.3d at 914-15. The Court therefore concludes that Count III fails to state a claim upon which relief may be granted against Bredeman, Lovelace, Leija, Hill, John Doe, Jane Doe, or Pharmacorr.

**Count IV – Precythe, John Doe, and Jane Doe**

Plaintiff avers he brings Count IV against Precythe and the Doe defendants for violating his rights guaranteed by the Eighth and Fourteenth Amendments, and the ADA. In setting forth the allegations in support of his claims, he lists Precythe's name along with Lewis's, and asserts general, conclusory allegations against them. For example, plaintiff alleges that from April 2017 through September 2019, they "failed to correct the Corizon Health Inc and Pharmacorr medical employees abusive actions deployed upon Plaintiff," "ignored and [turned] a blind eye and made

no reasonable attempt to remedy the serious problems," allowed "medical staff to abuse and retaliate against Plaintiff as they desire," "established an official policy or custom or usage with the force of law" to inadequately train staff and "tacitly allow medical staff" to "cause harm to plaintiff." Plaintiff states that Precythe and Lewis knew or should have known of the risk of harm to plaintiff. Plaintiff does not mention the Doe defendants.

Plaintiff's allegations in Count IV fail to state a claim upon which relief may be granted against Precythe. As noted above, to state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson*, 747 F.3d at 543; *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). In requiring a plaintiff to allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to her authority over the claimed constitutional violation. *Jackson,* 747 F.3d at 543. A person with a supervisory or administrative position may be liable if her direct action or failure to supervise and train the offending employee caused the constitutional violation. *Id.* (citations omitted). Such person's personal involvement can also be established by allegations that she was directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id.* (citations omitted).

Here, plaintiff has failed to plead facts permitting the inference that Precythe personally violated his constitutional rights. Instead, despite the Court's prior directive, plaintiff simply lists Precythe's name along with Lewis's, and asserts general, conclusory allegations against them. Plaintiff alleges no facts permitting the inference that Precythe took direct action that caused a constitutional violation, he alleges no facts permitting the inference that Precythe was directly involved in creating, implementing, or enforcing a policy that gave rise to unconstitutional

conditions, and he alleges no facts that would state a plausible claim for failure to train or supervise.

Plaintiff also fails to allege facts permitting the inference that Precythe was aware of his situation. While plaintiff avers that Precythe and Lewis responded to grievances and that he sent them a request for ADA accommodation, the documents he attached in support do not support his averments. The Court previously advised plaintiff of the necessity of alleging specific facts in support of his claims against each named defendant, and will not assume facts that have not been alleged. *See Stone*, 364 F.3d at 914-15. At best, plaintiff's claims against Precythe are premised upon *respondeat superior*. However, such claims are not cognizable under § 1983. *Boyd*, 47 F.3d at 968. The Court therefore concludes that plaintiff fails to state a claim upon which relief may be granted against Precythe.

The Court now turns to the Doe defendants. In setting forth his allegations in support of his claims in Count IV, plaintiff does not mention either Doe defendant. As in Count III, the Court concludes that plaintiff has failed to make sufficiently specific allegations to permit identification of either Doe defendant after reasonable discovery. *See Munz*, 758 F.2d at 1257 (an action may proceed against a fictitious party if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery). Even if it could be said that plaintiff's allegations were specific enough to permit identification of either Doe defendant, plaintiff's claims against them would be dismissed because he fails to allege that either of them engaged in any specific act or conduct that resulted in harm. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (when a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name being listed, "the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

## The MDOC and Paula Reed

Neither the MDOC nor Reed are named in Counts I through IV, and the amended complaint contains no factual allegations against them. The Court therefore concludes that the amended complaint fails to state a claim against the MDOC and Reed. *See id.*

## Exhaustion of Administrative Remedies

As an alternate basis for dismissal, the Court notes that plaintiff admittedly failed to exhaust administrative remedies with regard to the claims he seeks to bring before initiating this action in state court. According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). While exhaustion is an affirmative defense that a defendant bears the burden of proving, a court may raise the issue of exhaustion *sua sponte* if it is plain on the face of the complaint that a grievance procedure is unexhausted, and the failure to exhaust can be a basis for dismissal if the allegations in the complaint suffice to establish that ground. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007).

An inmate satisfies § 1997(e) when he "pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (quoting *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012)). As the Eighth Circuit Court of Appeals has recognized, there are three steps to the MDOC grievance process:

> First, an inmate files an Informal Resolution Request (IRR). If dissatisfied with the response to the IRR, the inmate files a formal grievance. **MDOC Department Manual**, D5–3.2 Offender Grievance, III.L.1 (2009). If dissatisfied with the response to the grievance, the inmate appeals within seven days, or the appeal is "considered abandoned." *Id*. at III.M.1. "After receiving the appeal response, the offender has exhausted the grievance process." *Id*. at III.M.12. "Expiration of the

>response time limit at any stage of the process shall allow the grievant to move to the next stage of the process." *Id.* at III.K.9 (IRRs); III.L.18 (grievances).

*Porter v. Sturm*, 781 F.3d 448, 450 (8th Cir. 2015). Exhaustion is not complete until the inmate receives a response to the grievance appeal. *Id.*

Inmates are excused from exhausting administrative remedies when prison officials prevent them from using the procedures, or when the officials themselves fail to comply with the procedures. *Id.* (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)). However, the failure to exhaust is not excused unless the official's action or omission prevented the inmate from using grievance procedures, or caused remedies to be unavailable. *See id.* at 452.

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies *before* filing suit, and has instructed that district courts must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

Here, plaintiff admittedly failed to exhaust administrative remedies with respect to the claims he seeks to bring before initiating this action. This admission is plain on the face of both plaintiff's State court petition and the amended complaint. Plaintiff alleges nothing permitting the conclusion that any prison official's action or omission prevented him from using the grievance procedure, or caused remedies to be unavailable. While plaintiff avers in the amended complaint that he exhausted administrative remedies while this action was pending, this is insufficient to avoid dismissal. Plaintiff was required to exhaust administrative remedies before initiating this action, and the fact he did not do so mandates dismissal. *See id.*

For all of the foregoing reasons, the Court concludes that the amended complaint fails to state a claim upon which relief may be granted against Anne Precythe, the MDOC, Pharmacorr,

16

Dr. Thomas Bredeman, Dr. Jerry Lovelace, Molly Leija, Larry Graham, Paula Reed, Nian Hill, John Doe, and Jane Doe. The rules of pleading are simple. The Court gave plaintiff meaningful notice of what was expected, and cautioned him that his case would be dismissed if he failed to file an amended complaint in accordance with the instructions in the August 22, 2019 order. While the Court recognizes the necessity of liberally construing *pro se* pleadings, this does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Given that plaintiff chose to ignore the Federal Rules of Civil Procedure and this Court's prior directives, it is not apparent that plaintiff would follow them if he were allowed to file a second amended pleading. The Court will therefore dismiss plaintiff's claims against Anne Precythe, the MDOC, Pharmacorr, Dr. Thomas Bredeman, Dr. Jerry Lovelace, Molly Leija, Larry Graham, Paula Reed, Nian Hill, John Doe, and Jane Doe at this time, without prejudice. Because plaintiff's claims against all defendants have now been dismissed, the Court will also dismiss this action and deny plaintiff's motions seeking leave to introduce medical evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against Anne Precythe, the MDOC, Pharmacorr, Dr. Thomas Bredeman, Dr. Jerry Lovelace, Molly Leija, Larry Graham, Paula Reed, Nian Hill, John Doe, and Jane Doe are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motions seeking leave to introduce medical evidence (ECF Nos. 23 and 24) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of March, 2020.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE